IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00464-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JUAN MANUEL ALVARADO-RICO,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on defendant Juan Manuel Alvarado-Rico's Emergency Motion for Bond Pending Appeal [Docket No. 55]. The United States opposes the motion. Docket No. 57. On July 23, 2020, defendant pled guilty to Illegal Re-Entry After Deportation Following an Aggravated Felony Conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Docket Nos. 29, 30. On July 30, 2021, the Court sentenced Mr. Alvarado-Rico to 3 months imprisonment and 2 years supervised release, continued his bond, and ordered him to self-surrender within 15 days after the Bureau of Prisons designated the facility in which he is to serve his sentence. Docket No. 47 at 2. By order dated August 11, 2021, the Court ordered the defendant to self-surrender on August 24, 2021 at FCI Reeves III in Pecos, Texas. Docket No. 53.

    Requests for release pending appeal are governed by 18 U.S.C. § 3143(b). A person who has been found guilty of a criminal offense, has been sentenced to imprisonment, and has filed an appeal must be detained pending appeal unless the

court finds that (1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal will not be filed for the purpose of delay; and (3) the appeal will raise a substantial question of law or fact which, if decided favorably to the defendant, is likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  *See* 18 U.S.C. § 3143(b)(1); *United States v. Affleck*, 765 F.2d 944, 953 (10th Cir. 1985) (en banc).  The defendant has the burden of proving the first requirement by clear and convincing evidence and the other requirements by a preponderance of the evidence.  *Affleck*, 765 F.2d at 953 n.15.  The material issues raised by Mr. Alvarado-Rico's motion are, first, whether his appeal will raise a substantial question of law or fact and, second, whether the substantial question, if decided in his favor on appeal, would result in reversal or a new trial.

A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous.  It is a 'close' question or one that very well could be decided the other way."  *Id.* at 952, quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).  "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis."  *Id.*

As to the first factor under Section 3143(b), the Court finds that the defendant has shown by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community or any other person if released on bond during appeal.  The Court also finds by a preponderance of the evidence that the appeal is not being filed for purposes of delay.

The Court next turns to the third factor, whether the appeal raises a substantial question of law or fact. One of the arguments defendant makes in support of this factor is that the Court should have held an evidentiary hearing on his motion to dismiss, which decision the defendant characterizes as a "close" call. Docket No. 55 at 8. As the Court noted in denying defendant's motion for reconsideration, "defendant did not request an evidentiary hearing []or alert the Court that he believed that the facts were contested." Docket No. 24 at 3. Moreover, "defendant did not file a reply and never contested any of the assertions made by the government until filing his motion for reconsideration." *Id*. As noted in that order, under the circumstances, the Court was not required to hold an evidentiary hearing and the issue of whether the Court should have does not raise a substantial issue of law or fact.

Another argument that defendant raises in support of his motion for release on appeal is that new evidence supported the Court's reconsideration of its previous order. Docket No. 55 at 4. It is not clear from defendant's emergency motion what error the Court allegedly made when it determined that "the new evidence does not call into question the conclusions drawn by the Court in its order and does not constitute a proper basis for reconsideration," Docket No. 24 at 6, and why the Court's decision not to reconsider its previous order on that ground constitutes a "substantial question." For the reasons stated in the Court's denial of the reconsideration motion based on new evidence, the Court concludes that defendant has not raised a substantial question on that issue.

Given that Mr. Alvarado-Rico has failed to carry his burden of showing that his appeal will raise a substantial question, he also fails to demonstrate by a

preponderance of the evidence that his appeal will likely result in a reversal or a new trial.  Wherefore, it is

**ORDERED** that defendant's Emergency Motion for Bond Pending Appeal [Docket No. 55] is denied.

DATED August 18, 2021.

                                                                  BY THE COURT:

                                                                  PHILIP A. BRIMMER
                                                                  Chief United States District Judge